# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re: ) | |
| ) | Case No. 1:25-10709 |
| Venus Capital Management Company,[1] ) | Chapter 15 |
| ) | |
| Debtor in a Foreign Proceeding. ) | (Jointly Administered) |
| ) | |

**ORDER GRANTING RECOGNITION OF FOREIGN MAIN
PROCEEDING AND ADDITIONAL RELIEF**

Upon consideration of the *Verified Petition for Recognition of Foreign Main Proceedings, and Additional Relief under Chapter 15 of the Bankruptcy Code* (the "Verified Petition," together with the form petitions filed concurrently therewith, the "Chapter 15 Petition"),[2] filed by Bavesh Huns Biltoo, in his capacity as the duly authorized foreign representative (the "Foreign Representative") of Venus Capital Management Company ("VCM"), Venus India Structured Finance Master Limited ("Mauritius India Fund") and Venus Master Fund ("Mauritius Macro Funds,") (collectively, the "Mauritius Debtors"), which are the subject of insolvency proceedings (the "Mauritius Proceedings") currently pending in the Republic of Mauritius ("Mauritius"), in support of entry of an order; and the Court having determined that the relief sought in the Chapter 15 Petition is in the best interests of the Debtors, their creditors, and all parties in interest; and the Court having considered the evidence and statements regarding the Chapter 15 Petition in the documents filed with the Court; and it appearing that no other or further notice need be given under the circumstances; and it appearing that this Court has jurisdiction to consider the Chapter 15

---

[1] The Mauritius Debtors in these cases along with the last four digits of each Mauritius Debtors' tax identification numbers are Venus Capital Management Company (5265), Venus India Structured Finance Master Limited (4244), and Venus Master Fund (6784).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Verified Petition.

82718908;1

Petition pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that venue of these cases and the Chapter 15 Petition in this District is proper pursuant to 28 U.S.C. § 1410(1); and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found and determined that the relief sought in the Chapter 15 Petition is consistent with the purpose of Chapter 15 of the Bankruptcy Code and that the legal and factual bases set forth in the Chapter 15 Petition establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is **HEREBY FOUND AND DETERMINED THAT:**

A. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

B. This is a core proceeding under 28 U.S.C. § 157(b)(2).

C. The Court may enter a final order consistent with Article III of the United States Constitution.

D. These chapter 15 cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

E. The Mauritius Debtors have their domicile, principal place of business, and/or property in the United States and are subject to a foreign proceeding and thus the Mauritius Debtors are each eligible to be a debtor in a chapter 15 case.

F. The Foreign Representative is a "person" pursuant to section 101(41) of the Bankruptcy Code and is the duly appointed "foreign representative" of the Mauritius Debtors as such term is defined in section 101(24) of the Bankruptcy Code. The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 1007(a)(4).

G. The Chapter 15 Petition meets all requirements of 11 U.S.C. § 1515.

H. The Mauritius Proceedings are entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

I. The Mauritius Proceedings are pending in the Mauritius, where the Mauritius Debtors have their "center of main interests" as referred to in section 1517(b)(1) of the Bankruptcy Code. Accordingly, the Mauritius Proceedings are "foreign main proceedings" pursuant to section 1502(4) of the Bankruptcy Code, and are entitled to recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

J. The Foreign Representative is entitled to all the relief provided pursuant to sections 1507, 1519, 1520, and 1521(a) and (b), and of the Bankruptcy Code, because those protections are necessary to effectuate the purposes of chapter 15 of the Bankruptcy Code and to protect the assets of the Mauritius Debtors and the interests of the Mauritius Debtors' creditors.

K. Good, sufficient, appropriate, and timely notice of the filing of, and the hearing on (to the extent necessary), the Chapter 15 Petition was given, which notice was deemed adequate for all purposes, and no further notice need be given.

L. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Mauritius Debtors and their interests of its creditors and other parties in interest, is in the interest of the public and international comity, consistent with the public policy of the United States, and will not cause any hardship to any party in interest that is not outweighed by the benefits of the relief granted.

**IT IS HEREBY ORDERED THAT:**

1. The Chapter 15 Petition is granted.

2. The Mauritius Proceedings are recognized as foreign main proceedings pursuant to section 1517 of the Bankruptcy Code and are given full force and effect.

3. Bavesh Huns Biltoo is the duly appointed foreign representative of the Mauritius Debtors within the meaning of 11 U.S.C. § 101(24), are authorized to act on behalf of the Mauritius Debtors in these chapter 15 cases, and are established as the exclusive representatives of the Mauritius Debtors in the United States.

4. The Foreign Representative, the Mauritius Debtors, and each of their respective successors, agents, representatives, advisors, and counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

5. All relief authorized by 11 U.S.C. § 1520 shall apply through the duration of these proceedings or until otherwise ordered by this Court, without limitation, the automatic stay under 11 U.S.C. § 362.

6. The Foreign Representative and the Mauritius Debtors, as applicable, are further entitled to the additional assistance and discretionary relief requested in the Chapter 15 Petition, pursuant to section 1507 and 1521 of the Bankruptcy Code.

7. The Foreign Representative is specifically authorized to obtain control of, administer, and realize the Mauritius Debtors' assets, including the Bank Accounts, which are within the territorial jurisdiction of the United States.

8. All objections, if any, to the Chapter 15 Petition or the relief requested therein that have not been withdrawn, waived, or settled by stipulation filed with the Court, and all reservations of rights included therein, are hereby overruled on the merits.

9. The banks and financial institutions with which the Mauritius Debtors maintain bank accounts or on which checks are drawn or electronic payment requests made in payment of prepetition or postpetition obligations are authorized and directed to continue to service and

administer the Mauritius Debtors' bank accounts without interruption at the direction of the Foreign Representative.

10. This Order is without prejudice to the Foreign Representative requesting any further additional relief in the chapter 15 cases.

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

12. Notwithstanding any applicability of any Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).

IT IS SO ORDERED

Dated:

                                                John A. Dorsey
                                                United States Bankruptcy Judge

82718908;1

Order Submitted by:

Akerman LLP

R. Adam Swick *(pro hac vice to be filed)*
1251 Avenue of the Americas, 37th Floor
New York, New York 10020
Telephone: (212) 880-3800
Facsimile:  (212) 88-8965
adam.swick@akerman.com

*Attorney for Bavesh Huns Biltoo, in his capacity as Administrator of Venus Capital Management Company and Liquidator of Venus India Structured Finance Master Limited and Venus Master Fund*

6

82718908;1