# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In re: ) | |
| ) | Case No. 1:25-10709 |
| Venus Capital Management Company ) | Chapter 15 |
| ) | |
| Debtor in a Foreign Proceeding.[1] ) | |
| ) | |
| In re: ) | |
| ) | Case No. 1:25-10710 |
| Venus India Structured Finance Master ) | Chapter 15 |
| Limited ) | |
| ) | |
| Debtor in a Foreign Proceeding. ) | |
| ) | |
| In re: ) | |
| ) | Case No. 1:25-10711 |
| Venus Master Fund ) | Chapter 15 |
| ) | |
| Debtor in a Foreign Proceeding. ) | |

## DECLARATION OF BAVESH HUNS BILTOO

I, Bavesh Huns Biltoo, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information, and belief.

1. I am the Head of Advisory for KPMG Mauritius ("KPMG"). In my capacity as Administrator and/or Liquidator (the "Foreign Representative," or "Mauritius Liquidator") of Venus Capital Management Company ("VCM"), Venus India Structured Finance Mater Limited ("Mauritius India Fund") and Venus Master Fund ("Mauritius Macro Fund," collectively with the Mauritius India Fund, the "Mauritius Funds") (collectively, the "Mauritius Debtors"). I, was appointed as the Mauritius Liquidator by way of written resolutions executed on June 27, 2024 for

---

[1] The Mauritius Debtors in these cases along with the last four digits of each Mauritius Debtors' tax identification numbers are Venus Capital Management Company (5265, Venus India Structured Finance Master Limited (4244), and Venus Master Fund (6784).

82636924;1

the Mauritius India Fund, November 27, 2024 for VCM, and November 29, 2024 for the Mauritius Macro Fund (collectively, the "Liquidation Resolutions"). Certified copies of the Liquidation Resolutions are attached hereto as **Exhibit A**, along with a copy of the corporate organization chart attached hereto as **Exhibit B**.

2. I am over the age of 18 and intimately familiar with the Debtors and their reorganization proceeding (the "Mauritius Proceedings") in the Republic of Mauritius ("Mauritius") under the Mauritius Insolvency Act, 2009 (the "Mauritius Insolvency Act"). All facts set forth in this Declaration are based upon (a) my personal knowledge; (b) my review of relevant documents and any and all documents prepared and/or filed in connection with the Mauritius Proceedings; (c) information supplied to me by the directors or professionals retained by the Debtors; or (d) based on my experience and knowledge of the Debtors' assets and financial condition.

3. I make this Declaration in support of (i) Form 401 Petitions ("Form Petitions"), along with the exhibits thereto, (ii) the Verified Petitions (the "Verified Petition" and collectively with the Form Petitions, the "Chapter 15 Petition"), (iii) the Application of Foreign Representative for Order (I) Specifying Form and Manner of Service (II) Scheduling Hearing on Recognition and Additional Relief and (III) Setting Deadline for Objections and Replies, and (iv) Motion of Foreign Representative Pursuant to Federal Rule of Bankruptcy Procedure 1015(b) for Order Directing Joint Administration of Cases under Chapter 15 of the Bankruptcy Code.

4. The Mauritius Proceedings and the relief requested herein will protect the Mauritius Debtors' assets, provide the Mauritius Debtors with access to information necessary to assemble and preserve the assets and claims of the Mauritius Debtors for administration. Thus, the Mauritius Debtors now seek recognition of the Mauritius Proceeding as foreign main proceeding to garner

and administer the Mauritius Debtors' assets that may be located and held in the United States. There are no other foreign or domestic proceedings regarding the Mauritius Debtors other than the Mauritius Proceedings.

5. The Mauritius Debtors have principal assets in Rhode Island consisting of multiple bank accounts at Citizen's Bank in Providence, Rhode Island (the "Bank Accounts") and an ownership interest in a retainer on deposit in an Akerman LLP trust account in Rhode Island (the "Retainer Account"). The funds remain in the Bank Accounts and Retainer Account as of the date hereof and are the Mauritius Debtors' principal assets in the United States.

I. **The Debtors' Corporate Structure and Prepetition Assets and Liabilities**

A. **The Mauritius Debtors' Incorporation**

6. On May 19, 2010, the late Vikas Mehrotra ("Mehrotra" originally incorporated VCM originally as Sedna Investment Management Inc. under the Mauritius Companies Act 2001 (the "Mauritius Companies Act"). A Certificate of Incorporation on Change of Name was filed on January 29, 2014, changing the entity's name to Venus Capital Management Company. VCM was set up to act as a Collective Investment Scheme ("CIS" Manager under Section 98 of the Mauritius Securities Act 2005. VCM holds a Global Business License issued by the Mauritius Financial Services Act of 2007 and operates pursuant to a Constitution adopted on November 23, 2015.

7. The Mauritius India Fund was originally incorporated under the Mauritius Companies Act as Sedna No. 1 Limited on January 24, 2013. A Certificate of Incorporation on Change of Name was filed on June 25, 2014, changing the entity's name to VISFF No.1 Ltd. A Second Certificate of Incorporation on Change of Name was filed on September 5, 2022 changing the entity's name to Venus India Structured Finance Master Limited. The Mauritius India Fund

3

operated pursuant to a Constitution adopted on November 23, 2015.

8. The Mauritius Macro Fund was incorporated under the Mauritius Companies Act on March 8, 2016 and operated pursuant to a Constitution adopted on January 18, 2016.

9. Certified Copies of the Mauritius Debtors' Certificates of Incorporation and Incorporation of Change of Name are collectively attached hereto as **Exhibit C**.

**B.    The Mauritius Debtors' Corporate Structure**

10. Mehrotra, a United States resident and citizen, with a long history of investing in Asia, specifically India, founded and owned 100% of VCM's shares.

11. As the sole holder of the management shares (voting, non-participating), VCM is the sole voting member of two funds incorporated in the British Virgin Islands ("BVI"), Venus Global Macro Fund, Ltd. ("BVI Macro Fund") and Venus India Structured Finance (Offshore) Fund Limited ("BVI India Fund," and collectively with BVI Macro Fund, the "BVI Debtors"). The BVI Debtors operated as feeder funds in master-feeder-fund structures with the Mauritius Funds. The Mauritius Macro Fund served as the master fund for the BVI Macro Fund; the Mauritius India Fund served as the master fund for the BVI India Fund.

12. A corporate structured chart is attached hereto as **Exhibit B** (all persons and entities in the chart are collectively referred to as the "Venus Group").

**C.    The Mauritius Debtors' Pre-Liquidation Business**

13. Mehrotra, through VCM as investment manager pursuant to investment management agreements (collectively, "IMA"), operated the Venus Group's investment activities. VCM was incorporated in Mauritius to act as a CIS Manager for the BVI Debtors and Mauritius Funds. At the date of the initiation of the Mauritius Proceedings, VCM had two directors, both Mauritius Residents. Both directors were employed with Rogers Capital Corporate Services

Limited ("Rogers Capital") in Mauritius. Rogers Capital operated as VCM's corporate service provider by offering management, administrator, and secretary services.

14. The Mauritius Macro Fund and the BVI Macro Fund were formed to make profits through investments in listed securities in India. Their objective was to target 20% rate of return with the following investment strategy: 60% in global equities, going long and short based on macro themes and fundamentals at micro-level; invest 20% in commodities, currencies, and interest rate instruments, using derivatives; and keep 20% in cash to meet margin calls.

15. As opposed to focusing on listed securities, the Mauritius India Fund and the BVI India Fund provided a structure to invest in a non-banking financial company ("NBFC"). The structure is a way investors could participate in the market for secured and unsecured lending to Indian companies, as well as companies conducting business in India and to their principal shareholders and promoters.

16. The Mauritius Debtors' registered office is c/o Rogers Capital Corporate Services Limited, 3rd Floor Rogers House, No. 5 President John Kennedy Street, Port Louis, Mauritius.

17. Each of the Mauritius Debtor's books and records were kept and maintained by Rogers Capital in Mauritius.

18. The Mauritius Debtors' Constitutions each mandated that the directors hold board meetings in Mauritius and that any decision taken at a board meeting outside of Mauritius would be invalid and of no effect.

19. The Mauritius Debtors' key assets are the ownership interests in the Retainer Account and the bank accounts in the Mauritius Commercial Bank in Mauritius, Citizen's Bank in the United States, and various interests in NBFCs and Indian securities.

82636924;1

### D. Events Leading up to the Mauritius Debtors' Insolvency Proceedings

20. As the principal person responsible for the Venus Group's investments, Mehrota was obviously important to the Venus Group's success, and the BVI Debtors' PPMs reflected this by stating Mehrotra was a key person to the Venus Groups' investments and if he were to die or become otherwise disassociated with the Debtors, such an event could have a materially adverse effect on the Venus Group's investments.

21. Apparently unexpectedly, Mehrotra passed away on July 13, 2023.

22. And, as it turns out, Mehrotra was indeed a key person. One of the key conditions of VCM's CIS Manager license was that VCM "shall at all times ensure that its officers and employees have appropriate level of training and knowledge of the products they promote or services they provide to enable them to explain the risks involved to client." Without Mehrotra at the helm, VCM's remaining board of directors had no way to properly manage ad take strategic decisions with respect to the funds' underlying products and services to ensure sustainability of the Mauritius Funds. In their capacity as employees of Rogers Capital, the directors were responsible for specific fiduciary duties, and were not in full-time employment for conducting investment operations.

23. As a result of Mehrotra's loss, the external auditors qualified their opinions in June 2024, putting an emphasis of matter on the fact that " ..the directors have expressed serious doubts over the Company's ability to continue as a going concern ….accordingly the financial statements have been prepared on a break up basis."

24. Accordingly, by mid-2024, VCM's directors and Rogers Capital, as VCM's Administrator, began inquiring about placing appropriate entities in the Venus Group into insolvency proceedings.

82636924;1

25. The documents governing the management of the Mauritius and BVI Debtors did not provide for business continuity or working principles following the loss of Mehrotra. There are no known directions on steps to change the working principles in the event of the loss of a key person so that VCM or the Mauritius funds could continue to fulfill its purpose and secure the necessary streams of income to ensure the sustainability of the company via the key person's estate or otherwise.

26. This led the directors and Rogers Capital to seek a legal opinion and the decision to put (i) the Mauritius Debtors into insolvency proceedings in Mauritius with Huns Biltoo as the administrator of VCM and the liquidator of the Mauritius Funds, and (ii) the BVI Debtors into insolvency proceedings in the BVI with Russell Crumpler and Christopher Farmer as joint liquidators:

- VCM consulted with and formally notified the Mauritius Financial Services Commission ("FSC") that VCM would likely dissolve and, consequently, could no longer operate as a CIS Manager. The FSC had no objections. *See* **Exhibit D**.

- On June 27, 2024, the board of the Mauritius India Fund resolved that it was insolvent and should be wound up pursuant to Section 137.1 of the Mauritius Insolvency Act.

- On October 23, 2024, on behalf of VCM as the sole shareholder of the BVI Debtors, VCM's directors engaged Russell Crumpler and Christopher Farmer of Teneo (BVI) Limited to advise on options available in BVI to recover assets of the BVI Debtors and, if determined necessary, to act as the BVI Debtors' joint liquidators in BVI liquidation proceedings in conjunction with a soon-to-come insolvency proceeding in Mauritius for the Mauritius Debtors.

- On November 27, 2024, following confirmation that the FSC had no objections, VCM's directors appointed Huns Biltoo as Administrator of VCM by written resolution pursuant to Section 215(6)(a) of the Mauritius Insolvency Act (the "Administration Resolution").[2]

- And, as previously contemplated by VCM's shareholders, Biltoo made arrangements to appoint the BVI Liquidators. Initially, the BVI Liquidators were retained in a discovery and due-diligence manner so that Biltoo could seek a legal opinion to ascertain his ability—

---

[2] Biltoo was also appointed as the liquidator of the Mauritius India Fund by written resolution of its sole voting shareholder dated June 27, 2024 and as liquidator of the Mauritius Macro Fund by written resolution of its sole voting shareholder dated December 3, 2024 (collectively with the Administration Resolution, the "Liquidation Resolutions").

7

82636924;1

- as VCM's administrator—to vote the shares of the BVI Debtors. After Biltoo received this opinion, VCM executed the resolutions to place the BVI Debtors into liquidation.

- On December 20, 2024, upon an application by the Mauritius Liquidator, the Supreme Court of Mauritius (i) extended the convening period of the watershed meeting of VCM to 30 December 2025 and (ii) exempted Biltoo in his capacity as administrator from personal liability in respect of payments which may become due under any agreement entered by VCM.

### E.    Winding-Up Activities in Mauritius

27.    By the time the Mauritius Liquidator and the BVI Liquidators were appointed, the Venus Group was in a holding pattern. Since Mehrotra's death, the directors had made no relevant decisions other than administrative and compliance ones. The Mauritius Macro Fund and the BVI Macro Fund had no unliquidated investments, only cash, creditor claims, and intercompany balances to reconcile. The Mauritius India Fund and the BVI India Fund do have investments as well as cash, creditor claims, and intercompany balances to reconcile.

28.    In short, the Mauritius Liquidator and the BVI Liquidators are cooperating to take control of their respective debtors' investments, cash, and other assets to distribute to the appropriate creditors and investors.

29.    The objective of the liquidation of the Mauritius Debtors is to realize their assets and distribute proceeds to their creditors and investors. The Mauritius Liquidator shall work towards the orderly and efficient wind-down and eventually the dissolution of the Mauritius Funds. In so far as VCM is concerned, the statutory objective of administration is to provide for the business, property and affairs of a company to be administered in a way that: (a) provides an opportunity for the company, or as much as possible of its business, to continue in existence; or (b) if it is not possible for the company or its business to continue in existence, results in a better return for the company's creditors and shareholders than would result from the immediate winding up of the company (section 213 of the Mauritius Insolvency Act). Given that the Mauritius Funds

and the BVI Debtors will in due course be liquidated and dissolved, so will VCM. VCM is in administration temporarily to protect the voting shares in the BVI Debtors and VCM's claims under the IMA.

30. To this end, VCM's Mauritius directors and the Mauritius Liquidator have been working diligently. As discussed above, on June 27, 2024, Rogers Capital, on behalf of VCM, applied to and received the FSC's consent to dissolve.[3] Additionally, the Mauritius Liquidator did the following:

- providing notice to the Mauritius Revenue Authority, the Director of Insolvency, the office of the registered agent, all known stakeholders (creditors and contributories), professional advisors, the fund administrator and counterparties of the Mauritius Liquidator's appointment;

- advertising their appointment in two daily newspapers in Mauritius and Government Gazette;

- retaining counsel in Mauritius and the United States to seek chapter 15 recognition of the Mauritius Proceedings; and

- in the case of VCM, notifying creditors of, and holding, the first meeting of creditors.

31. Upon appointment, the Mauritius Liquidator contacted various relevant parties to (i) advise them of the liquidations; (ii) take control of any assets of the Mauritius Debtors; and (iii) request delivery of the Mauritius Debtors' books and records. The Mauritius Liquidator has taken control of the Mauritius Debtors' bank accounts in Mauritius and has reached out to Citizens Bank regarding the Bank Accounts held in the United States. Additionally, the Mauritius Liquidator has received and is reviewing and categorizing thousands documents. The Mauritius Liquidator has received books and records from the Mauritius Debtors' administrator and registered agent.

---

[3] The FSC replied that it had no objection to VCM's dissolution and the removal of the company as a CIS Manager on January 20, 2025. The FSC formally stated that it had no objection to the winding up of the Mauritius Inda fund via email correspondence on July 18, 2024 and for the Mauritius Macro Fund via letter on January 20, 2025.

32. No stakeholder has objected to the Mauritius Proceedings or the Mauritius Liquidator's appointment. Indeed, stakeholders have consistently consented to and participated in the Mauritius Proceedings.

33. The Mauritius Liquidator has received multiple proofs of debt. The Mauritius Debtors' creditors are in several jurisdictions, including Mauritius, India, BVI, and the United States.

34. The Mauritius Liquidator has overseen and generally directed all activities related to the Mauritius Debtors from Mauritius. A significant portion of the work to date relating to the Mauritius Proceedings has been conducted in the Mauritius, and all the work is supervised by the Mauritius Liquidator, all of which is ultimately subject to the supervision of the Mauritius Court.

35. The Mauritius Liquidator, on behalf of the Mauritius Debtors, understands and concedes that the BVI Liquidators have complete control over the BVI Debtors and has cooperated with the BVI Liquidators.

36. The Mauritius Debtors and the BVI Debtors have bank accounts at Citizens Bank in Providence, Rhode Island. The primary purposes of these Chapter 15 Cases are to stay all actions against the Mauritius Debtors and to control their Bank Accounts.

37. I believe that joint administration of these Chapter 15 Cases is warranted because the Mauritius Debtors' financial affairs and business operations are closely related, and because it will ease the administrative burden of these cases on the Court and interested parties. I can confirm that I anticipate that the various notices, motions, hearings, orders, and other pleadings in these cases will affect all of the Mauritius Debtors.

38. Under the facts and circumstances of the Debtors' Chapter 15 Cases, I submit that service of the Recognition Hearing Notice in the manner proposed in the Notice Procedures

Motion will provide those parties identified as the Notice Parties in the Notice Procedures Motion with due and sufficient notice of the relief requested in the Recognition and Relief Motion and associated objection deadlines and hearing dates.  The Notice Procedures Motion seeks relief that is consistent with the notice procedures in the Mauritius Proceeding.  The Notice Documents (as that term is defined in the Notice Procedures Motion) will be posted on the Monitor's website, which is the main avenue for creditors in the Mauritius Proceeding to get notice.  Therefore, I believe that the relief requested in the Notice Procedures Motion is necessary and appropriate and is in the best interests of the Debtors, their creditors, and other parties in interest.

Executed this 5th  day of  September 2025
Ebene, Mauritius

_____
Bavish Huns Biltoo